UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN IZAGUIRRE,<br><br>            Plaintiff,<br><br>   v.<br><br>UNITED STATES OF AMERICA.<br><br>            Defendant. | Case No. 2:22-cv-08290-DOC-PD<br><br>**ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE** |

I.    **Pertinent Procedural History and Plaintiff's Claims**

On November 14, 2022, Plaintiff Bryan Izaguirre, proceeding pro se, filed a Complaint pursuant to 42 U.S.C. § 1983 against the United States of America. [Dkt. No. 1.] The Complaint alleges that in 2020, Rayanna Miller provided the number of Plaintiff's lost social security card to the Orange County Department of Child Support Services, and that Plaintiff's wages were subsequently garnished in an amount totaling $9,752.61. [*Id*. at 2-4; Exh. B, C.] The Complaint further alleges that in December 2021, a paternity test revealed that Plaintiff was not the father of Rayanna Miller's child, and Plaintiff's child support obligations were terminated. [*Id*. at 3; Exh. G.] Plaintiff alleges that the Social Security Administration ("SSA") provided him

with a right to sue letter and thus the ability to file the instant action. [*Id.* at 3-4; Exh. H.]

Plaintiff alleges that as a result of these events, his First, Fourth, Fifth, Eighth, Ninth, Thirteenth, and Fourteenth Amendment rights were violated. [*Id.* at 5-6.] He seeks compensatory and punitive damages in the amount of $369,880,000,000,000,000,000,000,000.00. [*Id.* at 7.] He also seeks a "cease-and-desist order on the defendant 'United States' for any surveillance they have placed on me." [*Id.*]

On December 16, 2022, Plaintiff filed a First Amended Complaint ("FAC"). [Dkt. No. 8.] The FAC is substantively identical to the original Complaint and contains only minor formatting changes. [*See* Dkt. Nos. 1, 8.]

On December 22, 2022, the Court screened the FAC pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and issued an Order to Show Cause ("OSC") why the Court should not recommend dismissal of the FAC for failure to state actionable claims no later than January 27, 2023. [Dkt. No. 10.] The OSC was mailed to the address listed on the FAC.

On January 18, 2023, the OSC was returned in the mail to the Clerk, with the notation "rts not deliverable as addressed." [Dkt. No. 13.] On January 23, 2023, the Court issued an Order requiring Plaintiff to provide an updated address and show cause why the Court should not recommend dismissal no later than February 8, 2023. [Dkt. No. 14.] On January 31, 2023, the Order was returned in the mail to the Clerk with the notation "rts: unable to forward." [Dkt. No. 15.]

To date, Plaintiff has not responded to the OSC or the subsequent order, provided an updated address, or otherwise communicated with the Court about his case since filing on November 14, 2022. Accordingly, the case is now subject to dismissal for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Local Rule 41-6.

## II. Discussion

Rule 41(b) grants district courts the authority to *sua sponte* dismiss actions for failure to prosecute. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962). In determining whether dismissal for lack of prosecution is warranted, a court must weigh several factors, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring the disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992). Dismissal is appropriate under the foregoing analysis "where at least four factors support dismissal ... or where at least three factors 'strongly' support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (citations omitted).

The first two factors – public interest in expeditious resolution of litigation and the need to manage the Court's docket – weigh in favor of dismissal. Plaintiff did not file a second amended complaint or provide the Court his updated address. His failure to file an amended complaint or update his address—or show good cause for his delay—prevents the Court from moving this case toward disposition and shows that Plaintiff does not intend to litigate this action diligently.

Arguably, the third factor – prejudice to Defendant – also counsels in favor of dismissal because Defendant in this case has been served. [Dkt. Nos. 7, 9.] Further, the Ninth Circuit has held that prejudice may be presumed from unreasonable delay. *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994); *Moore v. Teflon Commc'ns. Corp.*, 589 F.2d 959, 967-68 (9th Cir. 1978). Plaintiff's inaction in this matter is an unreasonable delay. In the absence of any explanation, non-frivolous or otherwise, for Plaintiff's delay, the Court

presumes prejudice. *See Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002) (presumption of prejudice can be rebutted by a non-frivolous explanation); *Pagtalunan*, 291 F.3d at 642 (citing *Yourish v. California Amplifier*, 191 F.3d 983, 991 (9th Cir. 1999)).

The fourth factor – the availability of less drastic sanctions – ordinarily counsels against dismissal. However, the Court attempted to avoid outright dismissal by giving Plaintiff ample time to communicate with the Court, update the Court with his address, and file an amended complaint. Plaintiff was also expressly warned that failure to comply with the Court's orders could result in dismissal. [Dkt. Nos. 10, 14.] Thus, the Court explored the only meaningful alternatives to dismissal in its arsenal and found that they were not effective. *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives.") (citation omitted).

The fifth factor – the general policy favoring resolution on the merits – ordinarily weighs against dismissal. *Pagtalunan*, 291 F.3d at 643. It is, however, the responsibility of the moving party to move the case toward disposition on the merits at a reasonable pace and to refrain from dilatory and evasive tactics. *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). Because Plaintiff has failed to participate in his own lawsuit, retention of this case would not increase the likelihood of the matter being resolved on its merits. This factor does not weigh in favor of or against dismissal.

In sum, four out of the five factors support dismissal. The Court concludes that dismissal for failure to prosecute is warranted.

For the foregoing reasons, this action is dismissed for failure to prosecute.

**IT IS SO ORDERED.**

Dated: February 27, 2023

*David O. Carter*

HON. DAVID O. CARTER
UNITED STATES DISTRICT JUDGE